LEOPOLD ZIMMERMAN et al., Copartners under the Firm Name of ZIMMERMAN & FORSHAY, Appellants, *v.* THE ROESSLER & HASSLACHER CHEMICAL COMPANY, Respondent.

Sales — contract for sale of German marks — pleading — complaint for breach of such contract does not state cause of action — contract does not fix place of delivery — when tender by plaintiff insufficient — when facts insufficient to show that establishment of credit was intended instead of future payment for marks.

1. Plaintiffs and defendant entered into an agreement whereby the former agreed to sell and the latter to buy a certain number of German marks for a specified price for delivery in a designated month, the marks to be paid for here and abroad not later than the last days of the designated month; in case wireless should be interrupted payments to be due here and abroad upon the resumption of wireless. Wireless was interrupted but later re-established at which time plaintiffs notified defendant that they were ready and willing to carry out the contract and demanded the purchase price of the marks. Defendant refusing to carry out the contract or to pay said sum, plaintiffs bring this action. They cannot recover; the complaint does not state a cause of action. By the terms of the contract the parties did not on the date thereof contemplate a present sale of marks in New York with the immediate passing of title thereto and payment to be postponed.

2. While there is some indication that the parties had in mind an intent to establish a foreign credit for the defendant, the country or bank where the credit was to be established is not named, nor any time fixed when the credit was to be available. Even if these matters were clear, the complaint would still be defective. The establishment of the credit in Germany and payment therefor in New York could not be concurrent acts. The language used indicates that the former was to precede the latter. A notice that plaintiffs were ready and willing to carry out the contract coupled with a demand for the immediate payment was not a proper tender of performance and there had been no anticipatory breach of the contract by defendant.

*Zimmerman v. Roessler & Hasslacher Chemical Co.*, 211 App. Div. 321, affirmed.

(Argued June 8, 1925; decided July 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1925, which unanimously affirmed an order of Special Term granting a motion for judgment on the pleadings.

The following question was certified:

" Does the complaint herein state facts sufficient to constitute a cause of action? "

*Nathan L. Miller* and *David Paine* for appellants. The transaction was one for foreign exchange. (*Fleischman* v. *Ferguson*, 223 N. Y. 235; *Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *Sattler* v. *Hallock*, 160 N. Y. 211; *Equitable Trust Co.* v. *Keene*, 232 N. Y. 290.) The Sales of Goods Act is not applicable to contracts for foreign exchange. (*Equitable Trust Co.* v. *Keene*, 232 N. Y. 290; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Richard* v. *Am.-Union Bank*, 210 App. Div. 22; *Strohmeyer & Arpe Co.* v. *Guaranty Trust Co.*, 172 App. Div. 16; *Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93; *Denton* v. *Livingston*, 9 Johns. 96; *U. S. Radiator Co.* v. *State of New York*, 208 N. Y. 144; 3 Elliott on Contr. 2102.) Even though the Sales of Goods Act were applicable to this agreement the complaint states a good

cause of action.   (*Ketchum* v. *Van Dusen,* 11 App. Div. 336; *Sokoloff* v. *Nat. City Bank,* 239 N. Y. 171; *Winter* v. *Am. Aniline Products,* 236 N. Y. 199; *Bykowsky* v. *Public Nat. Bank,* 209 App. Div. 61; *Gordon* v. *I. B. C. Trust Co.,* 201 App. Div. 186; *Cohen & Sons* v. *Lurie Woolen Co.,* 232 N. Y. 112.)

*Charles M. Woody* and *James M. Gifford* for respondent. The contract in question provided absolutely for the delivery of marks during the month of October, 1917. (*Gravenhorst* v. *Zimmerman,* 236 N. Y. 222.) The phrase " interrupted by wireless " cannot be interpreted to mean anything more than a temporary cessation or interruption of wireless " during the month of October, 1917." In other words, the parties meant that delivery and payment should be made not later than October thirty-first, at all events. (*Gravenhorst* v. *Zimmerman,* 236 N. Y. 32; *People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125; *Fleischman* v. *Furgueson,* 223 N. Y. 235; *Schoellkopf* v. *Coatsworth,* 166 N. Y. 84, 88; *Sanford* v. *Brown Bros. Co.,* 208 App. Div. 90; *Raw Silk Trading Co.* v. *Katz,* 201 App. Div. 713; *Dunning* v. *Co. of Orange,* 139 App. Div. 249; *Johnson* v. *City of New York,* 191 App. Div. 205, 231; 231 N. Y. 564.) Construing this contract under the Sales of Goods Act or construing it as the parties made it, the plaintiff defaulted in making delivery as called for by the contract. (*Peabody* v. *Speyers,* 56 N. Y. 230; *Melzer* v. *Zimmermann & Forshay,* 118 Misc. Rep. 408; 205 App. Div. 886; 1 Williston on Sales, § 66-b; *Reisfeld* v. *Jacobs,* 107 Misc. Rep. 1; *Bohnsen & Co.* v. *Leaf,* 203 App. Div. 618.) If the contract is an executory contract and does not come within the Sales of Goods Act, it is an unenforcible contract, because the minds of the parties have not met as to the place of delivery or as to the place of payment. (*Varney* v. *Ditmars,* 217 N. Y. 223; *Canet* v. *Smith,* 173 App. Div. 241; *Sourwine* v. *Truscott,* 17 Hun, 432;

*Lloyd* v. *Worrell*, 37 How. Pr. 75; *Duffield* v. *Whitlock*, 26 Wend. 55; *Petze* v. *M. D. & R. Co.*, 125 App. Div. 267; 195 N. Y. 584; *Muller* v. *Idler*, 126 App. Div. 366: *Racich Asbestos Mfg. Co.* v. *Brooks*, 146 App. Div. 14; *Mayer* v. *McCreery*, 119 N. Y. 434.) If we concede for the sake of argument that the contract is not to be construed under the Sales of Goods Act, still the appellants were bound to perform by making delivery during the month of October, 1917, and appellants having failed to make such delivery, the contract was at an end. (*Kannengiesser* v. *Israelowitz*, 107 Misc. Rep. 149; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 35; *Wiswall* v. *McGown,* 2 Barb. 270; *Carlin* v. *Frey*, 141 N. Y. Supp. 581; *Mawhinney* v. *Millbrook Woolen Mills*, 234 N. Y. 244; *Gen. Com. Co.* v. *Butterworth Judson Corp.*, 198 App. Div. 799; *Sawyer* v. *Dean*, 114 N. Y. 477; *Terry* v. *Wheeler*, 125 N. Y. 524.)

ANDREWS, J. The complaint alleges that on March 17th, 1917, the plaintiffs and defendant entered into the following agreement: " We are in receipt of your favor of even date and herewith confirm our understanding in accordance with which we have bought of you Mks 3000000 at the rate of 73 3/8 for delivery during the month of October, 1917. It is understood that the marks are to be paid for here and abroad not later than October 31st, 1917, and in case wireless should be interrupted by that time, payments are due here and abroad upon resumption of wireless." Wireless was interrupted before the date mentioned but was re-established on or about July 22, 1919. Plaintiffs thereupon notified defendant that they were ready and willing to carry out said contract and demanded the purchase price of the marks or $550,322.50 but the defendant refused to carry out the contract or to pay said sum although plaintiffs have remained ready and willing to carry out its terms. Judgment is, therefore, asked for such sum. It has been

1925.]            Opinion, per ANDREWS, J.        [240 N. Y. 501]

rightly held in the courts below that this complaint does not state a cause of action.

Whatever else the parties had in mind, clearly they did not on March 17th contemplate a present sale of marks in New York, with the immediate passing of title thereto, delivery and payment to be postponed.

It is far less difficult, however, to determine what the parties did not mean by this contract than to decide what they did if indeed they ever reached any common understanding. If they designed a contract for the purchase and sale of the marks themselves then the plaintiffs may not recover for two reasons. No place of delivery being specified and no usage of trade alleged, it should, as in the case of other commodities, be made at the plaintiffs' place of business (Pers. Prop. Law, section 124), and should have been made or tendered by October 31st — only the payment being then postponed by the interruption of wireless. Further if that were their meaning then the action is to recover the price of goods to be sold and may not succeed because no title passed to the purchaser. (Pers. Prop. Law [Cons. Laws, ch. 41], section 144.)

Probably, however, the parties had in mind the establishment by wireless of a foreign credit for the benefit of the defendant. The words " paid for here and abroad," " payments are due here and abroad," may show such intent. By custom and usage the phrases may have acquired a definite meaning. So too the reference to an interruption of wireless strengthens this possibility. Even so what definite agreement has been made? The country where the credit is to be established is not named. Perhaps as the letter speaks of marks, Germany was intended. If so, neither the city nor the bank is named. Perhaps again the custom is that German credits are to be made available at the Reich bank in Berlin and then that bank transfers them to a branch in any city in Germany upon request. We are

not so informed. Again on what day in October is the credit to be made available? Is there a custom that this is to be at the buyer's or the seller's option? We do not know. In the absence of any allegation as to the technical meaning of the terms employed, of any custom or usage giving force to such a contract as the one before us, we cannot attempt to rewrite it, and insert necessary terms which the parties have omitted.

Even could we do so the complaint would still be defective. Assuming that the interruption of wireless referred to means such a total cessation of all wireless communication as actually occurred; assuming that this contract was not terminated but merely suspended because of the outbreak of war with Germany, notwithstanding the resulting depreciation in the value of the mark between March, 1917, and July, 1919, of which we may take judicial notice, yet this is clear. The establishment of the credit in Germany and payment therefor in New York could not be concurrent acts. The language used indicates that the former was to precede the latter. If so, notification that the plaintiffs were ready and willing to carry out the contract, coupled with a demand for the immediate payment of $550,322.50 was rightly refused. There was no proper tender of performance. There was no anticipatory breach of the contract by the defendant.

The judgment appealed from must be affirmed, with costs, and the question certified answered in the negative.

MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; HISCOCK, Ch. J., and CARDOZO, J., concur in result; POUND, J., absent.

Judgment affirmed.